DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BANK OF NOVA SCOTIA,                )<br>                                   )<br>            Plaintiff,              )<br>                                   )<br>            v.                     )<br>                                   )<br>ANDREA M. DEAN, "JOHN DOE,"         )<br>being the unknown heirs of JAMES   )<br>J. DEAN holding interest in        )<br>Parcel No. 6-6 Estate Contant,     )<br>No. 2 Cruz Bay Quarter, St.        )<br>John,[1] U.S. Virgin Islands,      )<br>TROPICAL BREEZE DEVELOPMENT, LLC   )<br>and WILLIAMS CONSTRUCTION          )<br>COMPANY,                           )<br>                                   )<br>            Defendants.            )<br>_____    )<br>                                   )<br>WILLIAMS CONSTRUCTION COMPANY,      )<br>                                   )<br>            Cross Claimant,        )<br>                                   )<br>            v.                     )<br>                                   )<br>JAMES DEAN, ANDREA M. DEAN,         )<br>"JOHN DOE," being the unknown      )<br>heirs of JAMES J. DEAN holding     )<br>interest in Parcel No. 6-6         )<br>Estate Contant, No. 2 Cruz Bay     )<br>Quarter, St. John, U.S. Virgin     )<br>Islands, TROPICAL BREEZE           )<br>DEVELOPMENT LLC,                   )<br>                                   )<br>         Cross Claim Defendants.   )<br>_____    )<br>                                   )<br>WILLIAMS CONSTRUCTION COMPANY,      )<br>                                   )<br>            Counter Claimant,      )<br>                                   ) | Civil No. 2011-64 |

---

[1] "JOHN DOE," being the unknown heirs of JAMES J. DEAN holding interest in Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John, was voluntarily dismissed by Bank of Nova Scotia on July 4, 2011.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 2

```
                    v.                    )
BANK OF NOVA SCOTIA,                      )
                                          )
        Counter Claim Defendant.          )
                                          )
                                          )
TROPICAL BREEZE DEVELOPMENT,              )
LLC,                                      )
              Cross Claimant,             )
                                          )
              v.                          )
                                          )
WILLIAMS CONSTRUCTION COMPANY,            )
                                          )
        Cross Claim Defendant.            )
                                          )
```

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
      *For Bank of Nova Scotia.*

**Nagesh V. Tammara, Esq.**
Smock & Moorehead
**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
      *For Andrea M. Dean.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
      *For Tropical Breeze Development, LLC.*

**Leslie L. Payton, Esq.**
The Payton Law Firm
St. Thomas, VI
      *For Williams Construction Company.*

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 3

## MEMORADUM OPINION AND ORDER

Before the Court is the motion to dismiss filed by the plaintiff, the Bank of Nova Scotia ("BNS"). BNS asks this Court to dismiss the counterclaim of Williams Construction Company ("Williams").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tropical Breeze Development, LLC ("Tropical") is a limited liability corporation incorporated in the Virgin Islands. James J. Dean is the sole member of Tropical. Tropical is the record owner of property described as:

> Parcel No. 6-6, Estate Contant, No. 2 Cruz Bay
> Quarter, St. John, Virgin Islands, as shown on
> PWD No. B9-451-T75

(the "Property"). On August 1, 2007, James J. Dean and Andrea M. Dean ("the Deans") borrowed $1,200,000 from BNS to construct a residence on the Property. The loan was evidenced by a promissory note (the "Note"), which the Deans executed and delivered to BNS on August 1, 2007. Pursuant to the Note, the Deans were to repay BNS in 60 consecutive monthly installments. Simple interest accrued on the loan at the rate of 7.99% each year. The Note permits BNS to accelerate payment due in the event the Deans failed to make timely payments.

The Note was secured by a first priority mortgage of the same date (the "Mortgage"). The Mortgage was executed by

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 4

Tropical, by and through James J. Dean as its sole member. The
Mortgage was recorded at the Office of the Recorder of Deeds for
St. Thomas on August 1, 2007. The Mortgage is attached to the
Property. The Mortgage terms give BNS the right to foreclose on
the Property in the event of default on the loan. Also on August
1, 2007, Tropical Breeze Development, LLC ("Tropical") executed
an unlimited corporate guarantee securing payment of the Note.

Subsequently, the Deans engaged Williams to construct a
residence on the Property. The Deans failed to pay Williams.
Williams claims the Deans are indebted to it in the amount of
$295,000. Williams further claims it has a lien on the Property
in the amount of $295,000.

The Deans are in default under the terms and conditions of
the Note and Mortgage because they failed to pay the principal
and interest when due. When the Deans went into default, BNS
declared the entire unpaid principal with accrued interest due
and payable. The Deans were indebted to BNS in the amount of
$1,258,789.06 as of March 12, 2013. Interest continues to accrue
thereafter at the rate of 7.99% until the date of judgment and
at the judgment rate thereafter.

BNS filed the instant debt and foreclosure matter against
the Deans, Tropical, and Williams, on June 13, 2011. BNS
requested relief in the form of a debt judgment, a finding that

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 5

BNS holds a first priority lien, foreclosure, and a deficiency

judgment if necessary.

Thereafter, Williams filed an answer containing a

counterclaim against BNS and a crossclaim against the Deans.

Williams claimed that it has a construction lien against the

Property in the amount of $295,000. Williams asked the Court to

declare that Williams has a co-first priority lien with BNS.


## II.  <u>DISCUSSION</u>

To survive a motion to dismiss, a claimant must offer

"enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974

(2007). A court must ask whether the claim "contain[s] either

direct or inferential allegations respecting all the material

elements necessary to sustain recovery under some viable legal

theory." *Id.* at 1969. "When deciding a 12(b)(6) motion to

dismiss, the counterclaim must be read in a light most favorable

to the counterclaimant, and all of the factual allegations must

be taken as true." *Gov't Guarantee Fund of Republic of Finland

v. Hyatt Corp.*, 955 F. Supp. 441, 448 (D.V.I. 1997); citing

*Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).

"While a [claim] attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 6

[claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted).

Thus, "[t]o survive a motion to dismiss, a . . . [claimant] must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the [counterclaim] are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

The Third Circuit has cautioned that

> conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-679; *Twombly*, 550 U.S. 544, 555 n. 3) (internal citations and quotations omitted).

### III. <u>ANALYSIS</u>

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 7

Although the Court accepts all factual assertions in
Williams's counterclaim as true, the Court is not required to
accept Williams's legal conclusions as true.

Williams requests in conclusory fashion that the Court
enter judgment "[d]eclaring that the Williams Construction
Company has a co-first priority lien against James Dean, Andrea
M. Dean, and Tropical Breeze Development, LLC, with Bank of Nova
Scotia." To withstand BNS's motion to dismiss, Williams must
make "direct or inferential allegations respecting all the
material elements necessary to sustain recovery under some
viable legal theory." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.
1955, 1969 (2007).

In its answer and counterclaim, Williams indicates that it
has a lien against the Property. Significantly, Williams has
provided no information when it recorded a notice of
construction lien on the Property. Without this information,
Williams fails to state a claim on which relief can be granted.
The deficiency, while significant, is not necessarily fatal, to
the extent this deficiency can be cured by amendment. The Court
is not convinced that such an amendment would be futile.

The premises considered, it is hereby

**ORDERED** that BNS's motion to dismiss is **DENIED**; it is
further

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 8

     **ORDERED** that Williams shall, no later than April 14, 2014,

amend its counterclaim against BNS; and it is further

     **ORDERED** that, should Williams fail to amend its

counterclaim, its counterclaim may be dismissed for failure to

state a claim on which relief may be granted.

 

 

S\_____

       **CURTIS V. GÓMEZ**
       **District Judge**