DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BANK OF NOVA SCOTIA,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )    Civil No. 2011-64
                                        )
ANDREA M. DEAN, "JOHN DOE,"             )
being the unknown heirs of JAMES        )
J. DEAN holding interest in             )
Parcel No. 6-6 Estate Contant,          )
No. 2 Cruz Bay Quarter, St.             )
John,[1] U.S. Virgin Islands,           )
TROPICAL BREEZE DEVELOPMENT, LLC        )
and WILLIAMS CONSTRUCTION               )
COMPANY,                                )
                                        )
            Defendants.                 )
                                        )
――――――――――――――――――――――――――――――          )
                                        )
WILLIAMS CONSTRUCTION COMPANY,          )
                                        )
            Cross Claimant,             )
                                        )
      v.                                )
                                        )
JAMES DEAN, ANDREA M. DEAN,             )
"JOHN DOE," being the unknown           )
heirs of JAMES J. DEAN holding          )
interest in Parcel No. 6-6              )
Estate Contant, No. 2 Cruz Bay          )
Quarter, St. John, U.S. Virgin          )
Islands, TROPICAL BREEZE                )
DEVELOPMENT LLC,                        )
                                        )
            Cross Claim Defendants.     )
――――――――――――――――――――――――――――――          )
                                        )
WILLIAMS CONSTRUCTION COMPANY,          )
                                        )
            Counter Claimant,           )
                                        )
                                        )

_____
[1] "JOHN DOE," being the unknown heirs of JAMES J. DEAN holding interest in
Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John, was
voluntarily dismissed by Bank of Nova Scotia on July 4, 2011.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 2

|  |  |
|---|---|
| v. | ) |
| **BANK OF NOVA SCOTIA,** | ) |
|  | ) |
| Counter Claim Defendant. | ) |
|  | ) |
| **TROPICAL BREEZE DEVELOPMENT, LLC,** | ) |
|  | ) |
| Cross Claimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **WILLIAMS CONSTRUCTION COMPANY,** | ) |
|  | ) |
| Cross Claim Defendant. | ) |

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For Bank of Nova Scotia.*

**Nagesh V. Tammara, Esq.**
Smock & Moorehead
**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
    *For Andrea M. Dean.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
    *For Tropical Breeze Development, LLC.*

**Leslie L. Payton, Esq.**
The Payton Law Firm
St. Thomas, VI
    *For Williams Construction Company.*

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 3

## AMENDED PARTIAL SUMMARY JUDGMENT[2]

Before the Court is the motion for summary judgment filed by the plaintiff, The Bank of Nova Scotia ("BNS").

Having reviewed the record, the Court makes the following findings of fact:

1. Tropical Breeze Development, LLC ("Tropical") is a limited liability corporation incorporated in the Virgin Islands.

2. James J. Dean is the sole member of Tropical.

3. Tropical is the record owner of property described as:

> Parcel No. 6-6, Estate Contant, No. 2 Cruz Bay Quarter, St. John, Virgin Islands, as shown on PWD No. B9-451-T75

(the "Property").

4. On August 1, 2007, James J. Dean and Andrea M. Dean ("the Deans") borrowed $1,200,000 from BNS to construct a residence on the Property.

5. The loan was evidenced by a promissory note (the "Note"), which the Deans executed and delivered to BNS on August 1, 2007.

6. Pursuant to the Note, the Deans were to repay BNS in 60 consecutive monthly installments.

7. Simple interest accrued on the loan at the rate of 7.99% each year.

---

[2] The Court inadvertently omitted the date up through which the indebtedness is calculated. This amended Order corrects that oversight.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 4

8. The Note permits BNS to accelerate payment due in the event
   the Deans failed to make timely payments.

9. The Note was secured by a first priority mortgage of the
   same date (the "Mortgage").

10. The Mortgage was executed by Tropical, by and through
    James J. Dean as its sole member.

11. The Mortgage was recorded at the Office of the Recorder of
Deeds for St. Thomas on August 1, 2007.

12. The Mortgage is attached to the Property.

13. The Mortgage terms give BNS the right to foreclose on the
Property in the event of default on the loan.

14. Also on August 1, 2007, Tropical Breeze Development, LLC
("Tropical") executed an unlimited corporate guarantee securing
payment of the Note.

15. Subsequently, the Deans engaged Williams Construction
Company ("Williams") to construct a residence on the Property.

16. The Deans failed to pay Williams.

17. Williams claims the Deans are indebted to it in the amount
of $295,000.

18. Williams further claims it has a lien on the Property in
the amount of $295,000.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 5

19. The Deans are in default under the terms and conditions of the Note and Mortgage because they failed to pay the principal and interest when due.

20. When the Deans went into default, BNS declared the entire unpaid principal with accrued interest due and payable.

21. The Deans were indebted to BNS in the amount of $1,258,789.06 as of March 12, 2013.

22. Interest continues to accrue thereafter at the rate of 7.99% until the date of judgment and at the judgment rate thereafter.

23. BNS filed the instant debt and foreclosure matter against the Deans, Tropical, and Williams, on June 13, 2011. BNS requested relief in the form of a debt judgment, a finding that BNS holds a first priority lien, foreclosure, and a deficiency judgment if necessary.

24. Williams filed an answer containing a counterclaim against BNS. In its answer, Williams also filed a crossclaim seeking foreclosure against the Deans and Tropical.[3]

25. Andrea M. Dean filed a suggestion of bankruptcy on April 11, 2012. Andrea M. Dean's debts have since been discharged in bankruptcy.

---

[3] Williams's crossclaim is still pending.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 6

26. On March 14, 2013, BNS filed the instant motion for summary judgment against Andrea Dean, Tropical, and Williams on its claims for debt and foreclosure against Andrea Dean and Tropical and for foreclosure against Williams. The motion for summary judgment is unopposed. BNS has withdrawn its motion for summary judgment on its debt and foreclosure claims with respect to Andrea Dean.

27. A Suggestion of Death has been filed with this Court as to James J. Dean.

28. Defendant John Doe, the unknown heirs of James J. Dean holding interest in the Property, was voluntarily dismissed.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). Once this burden is met, the burden shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Id.* The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 7

1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In determining whether a genuine issue exists, this Court draws all reasonable inferences in favor of the party opposing summary judgment. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

To prevail on a debt and foreclosure claim, the plaintiff must show: 1) the debtor executed a promissory note and mortgage; 2) the debtor is in default under the terms of the note and mortgage; and 3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 2009 WL 4730784, *3 (D.V.I. Dec. 6, 2009). BNS has not established all of the elements required to prevail on its foreclosure claim. A genuine issue of material fact exists with respect to BNS's foreclosure claims. BNS is entitled to judgment of debt as against Tropical. BNS is not entitled to a judgment of foreclosure.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Amended Partial Summary Judgment
Page 8

The premises considered, it is hereby

**ORDERED** that BNS's motion for summary judgment is **GRANTED**
in part; it is further

**ORDERED** that BNS's motion for summary judgment on its debt
action against Tropical is **GRANTED;** it is further

**ORDERED** that BNS shall recover from Tropical the sum of
$1,258,789.06, reflecting its total indebtedness under the note
as of March 12, 2013.[4] Interest continues to accrue from March
12, 2013, on this amount at the rate of 7.99% per annum until
the date of this Judgment, and thereafter at the statutory rate;
and it is further

**ORDERED** that BNS's motion for summary judgment on its
foreclosure claims is denied.

S\_____
                            **CURTIS V. GÓMEZ**
                            **District Judge**

---

[4] The Court inadvertently omitted the date up through which the indebtedness
is calculated. This Amended Partial Summary Judgment corrects that oversight.