IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2011-64 |
| v. ) | |
| ) | |
| ANDREA DEAN, "JOHN DOE" being the ) | |
| unknown heirs of JAMES J. DEAN holding ) | |
| interest in Parcel No. 6-6 Estate Contant, ) | |
| No. 2 Cruz Bay Quarter, St. John, U.S. ) | |
| Virgin Islands, TROPICAL BREEZE ) | |
| DEVELOPMENT, LLC and WILLIAMS ) | |
| CONSTRUCTION COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Emergency Motion for the Appointment of a Receiver [DE 89] for the real property described as Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John, U.S. Virgin Islands as shown on PWD No. B9-451-T75 ("the Property"). Plaintiff seeks the appointment of a receiver based on the provision in the First Priority Mortgage Assignment of Leases and Rents and Construction Security Interest (the "First Priority Mortgage") that provides for the appointment of a receiver in the event of default and a subsequent foreclosure action. Pl.'s Mot., Ex. 1, Sec. 16 [DE 89-1 at 6].

This diversity suit is a residential foreclosure action. Plaintiff advises that an incomplete structure is situated on the Property. Plaintiff maintains that because construction is unfinished, a "danger of waste" is a concern, specifically the "potential for vandalism, theft and exposure to the elements." Accordingly, plaintiff requests the appointment of a receiver to "preserve" the Property and "prevent further waste."

"[T]he intended purpose of the receiver . . . is to preserve and maintain the [property] site during the pendency of [] litigation, to preserve the value of the security, and to ensure that the laws and regulations of the U.S. Virgin Islands are fully complied with." *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 53 V.I. 107, 130 (Super. Ct. 2010). The appointment of a receiver is considered "an equitable remedy of rather drastic nature available at the discretion of the Court." *Mortg. Elec. Registration Sys., Inc. v. Patock*, 51 V.I. 917, 928 (D.V.I. 2009) (quoting *Nat'l Investors Pension Ins. Co.*, 1984 U.S. Dist. LEXIS 24701, at *5 (D.V.I. 1984)). The following factors guide the Court in its exercise of discretion: "(1) whether the security is adequate to cover the debt, (2) whether the mortgagor is insolvent, (3) whether there exists in the mortgage instrument a pledge of rent[s] and profits to the mortgagee, (4) whether waste has been committed, or (5) whether the security is endangered by nonpayment of taxes." *Nat'l Investors Pension Ins. Co.*, 1984 U.S. Dist. LEXIS 24701, at *6 (alteration added). These factors should be considered along with any contractual provision authorizing a receiver's appointment. *Id*.

Here, plaintiff relies exclusively on the provision in the First Priority Mortgage and fails to address the relevant factors. Accordingly, plaintiff's motion [DE 89] is denied without prejudice. *See, e.g., Patock*, 51 V.I. at 929 (refusing to appoint a receiver where plaintiff "ma[de] no attempt to establish any of the five factors" identified in *National Investors*).

**Dated:** September 26, 2014　　　　　　　　　S\_____
　　　　　　　　　　　　　　　　　　　　　　　**RUTH MILLER**
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge