```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

BANK OF NOVA SCOTIA,                )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil No. 2011-64
                                    )
ANDREA M. DEAN, "JOHN DOE,"         )
being the unknown heirs of JAMES    )
J. DEAN holding interest in         )
Parcel No. 6-6 Estate Contant,      )
No. 2 Cruz Bay Quarter, St.         )
John,¹ U.S. Virgin Islands,         )
TROPICAL BREEZE DEVELOPMENT, LLC    )
and WILLIAMS CONSTRUCTION           )
COMPANY,                            )
                                    )
            Defendants.             )
                                    )
_____)
                                    )
WILLIAMS CONSTRUCTION COMPANY,      )
                                    )
            Cross Claimant,         )
                                    )
        v.                          )
                                    )
JAMES DEAN, ANDREA M. DEAN,         )
"JOHN DOE," being the unknown       )
heirs of JAMES J. DEAN holding      )
interest in Parcel No. 6-6          )
Estate Contant, No. 2 Cruz Bay      )
Quarter, St. John, U.S. Virgin      )
Islands, TROPICAL BREEZE            )
DEVELOPMENT LLC,                    )
                                    )
            Cross Claim Defendants. )
_____)
                                    )
WILLIAMS CONSTRUCTION COMPANY,      )
                                    )
            Counter Claimant,       )
                                    )
```

---

[1] "JOHN DOE," being the unknown heirs of JAMES J. DEAN holding interest in Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John, was voluntarily dismissed by Bank of Nova Scotia on July 4, 2011.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 2

```
              v.                    )
                                    )
BANK OF NOVA SCOTIA,                )
                                    )
      Counter Claim Defendant.      )
                                    )
TROPICAL BREEZE DEVELOPMENT,        )
LLC,                                )
          Cross Claimant,            )
                                    )
              v.                    )
                                    )
WILLIAMS CONSTRUCTION COMPANY,      )
                                    )
         Cross Claim Defendant.     )
```

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For Bank of Nova Scotia.*

**Nagesh V. Tammara, Esq.**
Smock & Moorehead
**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
    *For Andrea M. Dean.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
    *For Tropical Breeze Development, LLC.*

**Leslie L. Payton, Esq.**
The Payton Law Firm
St. Thomas, VI
    *For Williams Construction Company.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the counterclaim of Williams Construction Company ("Williams") against Bank of Nova Scotia ("BNS"). Also before the Court are BNS's Motion to Enforce Court Order and to Enter Order of Foreclosure; Second Motion to Dismiss Counterclaim and Order Foreclosure; and Motion for Hearing on Second Motion to Dismiss Counterclaim and Order Foreclosure.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 1, 2007, James J. Dean and Andrea M. Dean ("the Deans") borrowed $1,200,000 from BNS to construct a residence on Parcel No. 6-6, Estate Contant, No. 2 Cruz Bay Quarter, St. John, Virgin Islands ("the Property"). That same day, the Deans executed and delivered a promissory note to BNS ("the Note"). Tropical Breeze Development, LLC ("Tropical") also executed an unlimited corporate guarantee securing payment of the Note. In addition, a mortgage on the property was executed by Tropical.

The Deans failed to pay the principal and interest on the loan when due. Consequently, BNS declared the entire unpaid principal with accrued interest due and payable. BNS also filed the instant action seeking a debt and foreclosure judgment. BNS named as defendants Andrea M. Dean; "John Doe" being the unknown

heirs of James J. Dean holding interest in Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John,[2] U.S. Virgin Islands; Tropical Breeze Development, LLC; and Williams Construction Company. In BNS's complaint, it alleges that Williams has a lien against the Property. In response, Williams asserted a counterclaim against BNS in which it asked the Court to determine that it had a co-first priority lien.

Subsequently, BNS moved for summary judgment with respect to Tropical and Williams. The Court issued a debt judgment, but held that disputed issues of material fact precluded issuing a foreclosure judgment.

BNS also moved to dismiss Williams counterclaim. The Court held that Williams's counterclaim failed to state a claim. The Court granted Williams permission to amend its counterclaim on or before April 14, 2014. Williams did not file an amended counterclaim.

BNS has since filed a Motion to Enforce Court Order and to Enter Order of Foreclosure; Second Motion to Dismiss Counterclaim and Order Foreclosure; and Motion for Hearing on Second Motion to Dismiss Counterclaim and Order Foreclosure.

---

[2] "John Doe," being the unknown heirs of JAMES J. DEAN holding interest in Parcel No. 6-6 Estate Contant, No. 2 Cruz Bay Quarter, St. John, was voluntarily dismissed by Bank of Nova Scotia on July 4, 2011.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Order
Page 5

## II. ANALYSIS

### a. Williams's Counterclaim

In its counterclaim, Williams claims that it has a construction lien against the Property. Significantly, Williams has provided no information regarding when it recorded a notice of construction lien on the Property. Without this information, Williams fails to state a claim on which relief can be granted.

On March 31, 2014, this Court ordered Williams to amend its counterclaim against BNS in the above-captioned action no later than April 14, 2014. The Court ordered that, should Williams fail to amend its counterclaim, its counterclaim could be dismissed for failure to state a claim on which relief may be granted.

Williams failed to amend its counterclaim against BNS on or before April 14, 2014. Accordingly, the Court will dismiss Williams's counterclaim against BNS.

### b. BNS's Motions

In its Motion to Enforce Court Order and to Enter Order of Foreclosure and its Second Motion to Dismiss for Failure to State a Claim and Order Foreclosure, BNS asks the Court (1) to dismiss Williams's counterclaim; and (2) to grant BNS a judgment of foreclosure.

As previously discussed, the Court will dismiss Williams counterclaim. The Court must now determine whether BNS is entitled to a judgment of foreclosure. "To prevail on a foreclosure claim, the plaintiff must show (1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Thompson v. Florida Wood Treaters, Inc.*, No. CIV 2006-224, 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)( citing Am.Jur.2d Mortgages § 633 (2008)), *aff'd,* 405 F. App'x 610 (3d Cir. 2010).

In support of a foreclosure judgment, BNS asserts in its motion that Williams's lien over the Property has been extinguished. What is needed to support issuance of judgment, however, is evidence. Assertions by counsel are not evidence. *See I.N.S. v. Phinpathya*, 464 U.S. 183, 188, 104 S. Ct. 584, 588, 78 L. Ed. 2d 401 (1984)("Counsel's unsupported assertions in respondent's brief do not establish that respondent could satisfy the 'continuous physical presence' requirement."). A review of the record *evidence* in this case fails to indicate when Williams obtained a lien and whether that lien remains valid. These determinations are necessary precisely because,

before issuing a foreclosure judgment, the Court must determine the priority of relevant lienholders, including Williams.

In sum, BNS has adduced no evidence that enables the Court to determine the priority of liens. That failure is fatal to BNS's petition for foreclosure.[3]

### III. CONCLUSION

The premises considered; it is hereby

**ORDERED** that Williams's counterclaim is **DISMISSED;** it is further

**ORDERED** that BNS's Motion to Enforce Court Order and to Enter Order of Foreclosure is **DENIED**; it is further

**ORDERED** that BNS's Second Motion to Dismiss for Failure to State a Claim and Order Foreclosure is **DENIED**; and it is further

**ORDERED** that BNS's motion for a hearing regarding the Second Motion to Dismiss for Failure to State a Claim and Order Foreclosure is **MOOT.**

S\_____
 **CURTIS V. GÓMEZ**
 **District Judge**

---

[3] Of course, to the extent that BNS were to move for summary judgment and submit competent evidence in support of its counsel's assertions that Williams has no lien, the Court's analysis may be different. BNS has not provided the Court with that support.