```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

BANK OF NOVA SCOTIA,                  )
                                      )
              Plaintiff,              )
                                      )
          v.                          )   Civil No. 2011-64
                                      )
ANDREA M. DEAN, "JOHN DOE,"           )
being the unknown heirs of JAMES      )
J. DEAN holding interest in           )
Parcel No. 6-6 Estate Contant,        )
No. 2 Cruz Bay Quarter, St.           )
John, U.S. Virgin Islands,            )
TROPICAL BREEZE DEVELOPMENT, LLC      )
and WILLIAMS CONSTRUCTION             )
COMPANY,                              )
                                      )
              Defendants.             )
                                      )
WILLIAMS CONSTRUCTION COMPANY,        )
                                      )
              Cross Claimant,         )
                                      )
          v.                          )
                                      )
JAMES DEAN, ANDREA M. DEAN,           )
"JOHN DOE," being the unknown         )
heirs of JAMES J. DEAN holding        )
interest in Parcel No. 6-6            )
Estate Contant, No. 2 Cruz Bay        )
Quarter, St. John, U.S. Virgin        )
Islands, TROPICAL BREEZE              )
DEVELOPMENT LLC,                      )
                                      )
              Cross Claim Defendants. )
                                      )
TROPICAL BREEZE DEVELOPMENT,          )
LLC,                                  )
              Cross Claimant,         )
                                      )
          v.                          )
                                      )
WILLIAMS CONSTRUCTION COMPANY,        )
                                      )
              Cross Claim Defendant.  )
```

**ATTORNEYS:**

**Johanna Harrington, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
   *For Bank of Nova Scotia.*

**Nagesh V. Tammara, Esq.**
Smock & Moorehead
**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, VI
   *For Andrea M. Dean.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
   *For Tropical Breeze Development, LLC.*

**Leslie L. Payton, Esq.**
The Payton Law Firm
St. Thomas, VI
   *For Williams Construction Company.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, J.**

Before the Court are the Bank of Nova Scotia's claims against James Dean. Also before the Court is Williams Construction Company's crossclaim for debt against Andrea Dean, James Dean, the heirs of James Dean, and Tropical Development Company, LLC.

### I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Tropical Development Company, LLC ("Tropical") is a limited liability corporation incorporated in the Virgin Islands. James Dean was a member of Tropical. Tropical is the record

owner of property described as Parcel No. 6-6, Estate Contant, No. 2 Cruz Bay Quarter, St. John, Virgin Islands, as shown on PWD No. B9-451-T75 (the "Property").

On August 1, 2007, James Dean and Andrea M. Dean ("the Deans") borrowed $1,200,000 from the Bank of Nova Scotia ("BNS") to construct a residence on the Property. The loan was evidenced by a promissory note (the "Note"). The loan was secured by a mortgage (the "Mortgage"). The Mortgage was executed by Tropical, by and through James Dean. Also on August 1, 2007, Tropical executed an unlimited corporate guarantee securing payment of the Note.

The Deans also engaged Williams Construction Company ("Williams") to construct a residence on the Property. The Deans allegedly failed to pay Williams.

On June 13, 2011, BNS filed the instant action (the "Foreclosure Action") against the Deans, the heirs of James Dean, Tropical, and Williams. BNS requested relief in the form of a debt judgment; a finding that BNS holds a first priority lien; foreclosure; and a deficiency judgment, if necessary.

On June 21, 2011, BNS filed the death certificate of James Dean, indicating that he had died on June 8, 2010.

Thereafter, on July 4, 2011, BNS voluntarily dismissed the heirs of James Dean from the action.

On July 6, 2011, Williams filed an answer containing a counterclaim against BNS and a crossclaim against the Deans, the heirs of James Dean, and Tropical. In its claims, Williams seeks recognition of a construction lien against the Property, foreclosure, and a debt judgment.

On December 7, 2011, Tropical filed a crossclaim against Williams.

On April 11, 2012, Andrea Dean filed a suggestion of bankruptcy in the Foreclosure Action, indicating that she had filed for bankruptcy. The Foreclosure Action was then placed on the civil suspense docket. The Foreclosure Action was subsequently restored to the active trial docket on January 18, 2013.

On February 4, 2013, the Court held a status conference. Williams appeared. At that status conference, BNS released its claims against Andrea Dean.

On May 22, 2013, Williams failed to appear at a status conference.

On March 31, 2014, the Court awarded BNS summary judgment on its debt claim against Tropical.

On March 31, 2015, the Court dismissed Williams's counterclaim against BNS.

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Memorandum Opinion
Page 5

 On June 25, 2015, Williams failed to appear at a telephonic status conference.

 On February 10, 2016, the Court informed Williams that it was considering granting summary judgment against Williams on its crossclaim insofar as Williams asserted a lien over the Property. The Court provided Williams with twelve days to respond. No response was filed.

 On March 1, 2016, the Court instructed Williams to inform the Court if it still intended to prosecute its crossclaim. The Court provided Williams with seven days to respond. To date, no response has been filed.

 On March 8, 2016, the Court granted summary judgment in BNS's favor on its foreclosure claim. The Court also held that Williams did not have a valid lien on the Property, and dismissed Williams's crossclaim insofar as Williams sought a foreclosure judgment.

 That same day, the Court ordered Williams to inform the Court if it still intended to proceed on its crossclaim for debt. The Court provided Williams with six days to respond. To date, no response has been filed.

 On March 9, 2016, the Court ordered Williams to file a witness list and an exhibit list in support of its crossclaim

for debt. The Court provided Williams with five days to comply. To date, no documents have been filed.

On March 15, 2016, the Court ordered Williams to show cause by March 21, 2016, why its crossclaim for debt should not be dismissed for failure to prosecute. To date, no response has been filed.

## II. <u>DISCUSSION</u>

### A. BNS's Claims Against James Dean

BNS filed suit against James Dean after James Dean had died. A complaint against a dead person is a nullity. *Accord Johnson v. Schiff*, No. 9:11-CV-0531 MAD/TWD, 2013 WL 5466218, at *5 (N.D.N.Y. Sept. 13, 2013)("When a party dies prior to being served, the procedure set forth in Federal Rule of Civil Procedure 25 to substitute a 'proper party' for the deceased party does not apply, the action against the deceased is a 'nullity,' and the deceased party should be dismissed with prejudice."), *report and recommendation adopted,* No. 9:11-CV-00531 MAD, 2013 WL 5466638 (N.D.N.Y. Sept. 30, 2013); *Chorney v. Callahan,* 135 F. Supp. 35, 36 (D. Mass. 1955)("As originally filed, this action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an

action."). As such, no claims are--or ever were--pending against James Dean.

### B. Williams's Crossclaim for Debt

The Court informed Williams that it was considering dismissing Williams's crossclaim for debt for failure to prosecute. As noted, no response was filed. The Court must consider six factors before dismissing a case for failure to prosecute. *See Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) The six factors are:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphasis in original). These factors are assessed to ensure that the extreme sanction of dismissal is exercised only when appropriate. *See id.* at 867-68.

"Not all of the[] *Poulis* factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988). However, courts must consider and balance all six *Poulis* factors before dismissing a case with prejudice, and all doubts must be resolved in favor of an adjudication on the merits. *See $8,221,877.16 in U.S. Currency,*

330 F.3d 141, 161 (3d Cir.2003) ("[W]e have always required consideration and balancing of all six of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits."); *see also Bjorgung v. Whitetail Resort,* 197 Fed. Appx. 124, 125-26 (3d Cir. 2006)("Although '[n]ot all of the Poulis factors need be satisfied in order to dismiss a complaint' they must all be considered." (quoting *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992)).

  **1. Extent of Williams's Personal Responsibility**

There is no evidence that Williams--as opposed to its counsel--was responsible for the failure to comply with the Court's deadlines. Therefore, the first *Poulis* factor does not weigh in favor of dismissal.

  **2. Prejudice to the Crossclaim Defendants**

The Court is unable to identify any specific prejudice to the crossclaim defendants. Therefore, the second *Poulis* factor does not weigh in favor of dismissal.

  **3. History of Dilatoriness**

The Court notes that more than three years have passed since Williams last submitted a filing in this action. The Court bears much of the responsibility for this delay because no trial date has been scheduled since 2013. Williams has not, however, appeared at any status conferences since February 4, 2013.

Moreover, in the past month, the Court has repeatedly requested--and ordered--responses from Williams to determine whether it intended to proceed with its claims. Williams has not responded to any of the Court's orders. As such, the Court holds that there is a history of dilatoriness. Therefore, the third *Poulis* factor weighs in favor of dismissal.

### 4. Willfulness and Bad Faith

Williams has failed to comply with numerous orders issued by this Court in its attempt to determine whether this litigation should proceed. Williams has not requested more time to comply with the Court's orders. By failing to respond to the Court's orders or move for an extension of time within which to do so, Williams has demonstrated a willful disregard for the Court's orders. *See, e.g., In re E Toys Inc.*, 263 F. App'x 235, 238 (3d Cir. 2008)(finding that "the record provides a basis to conclude that [the appellant's] conduct showed willful disregard for the appellate process" because "[h]e ignored the deadlines issued by the District Court"). Therefore, the fourth *Poulis* factor weighs in favor of dismissal.

### 5. Effectiveness of Alternative Sanctions

As the Court noted, Williams has failed to respond to numerous orders by the Court--or suggest any alternative sanctions. In light of Williams's repeated failure to respond to

any of the Court's informational inquiries, the Court questions the effectiveness of any sanction short of dismissal. Therefore, the fifth *Poulis* factor weighs in favor of dismissal.

### 6. Meritoriousness of the Claim

On a Rule 41(b) motion, "in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* at 263. "To survive a motion to dismiss a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(internal quotations omitted).

Williams alleges that Andrea Dean and James Dean, on behalf of Tropical, entered into a residential construction agreement with Williams. Williams also alleges that they failed to pay $295.00. Were Williams able to prove the facts alleged in its crossclaim at trial, it would be entitled to relief. Therefore, the sixth *Poulis* factor does not weigh in favor of dismissal.

### 7. Balancing the *Poulis* Factors

Three *Poulis* factors weigh in favor of dismissal, three against. If at any time before the entry of this order, Williams had responded to the Court, the Court would not have dismissed Williams's crossclaim. Nevertheless, Williams has essentially disappeared mid-action. The Court is unable to obtain even the

*Bank of Nova Scotia v. Dean, et al.*
Civil No. 2011-64
Memorandum Opinion
Page 11

most basic of responses from Williams. Under these circumstances, the Court finds that dismissal of Williams's crossclaim is proper.

An appropriate Order follows.

                                                S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**